IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JAMES R. BRADFORD,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-24-02473 |
| **ARMED FORCES BENEFIT ASSOC.,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff James R. Bradford ("Plaintiff") filed this employment discrimination lawsuit against his former employer, the Armed Forces Benefit Association ("AFBA"). AFBA filed a motion to dismiss for lack of venue or to transfer venue with a related memorandum and affidavit, ECF 9, 10. 16, and a motion to dismiss the age discrimination claim asserted in Count Two, ECF 17. Plaintiff belatedly filed an opposition to those motions, ECF 27, leading AFBA to file another motion to strike the belated opposition, ECF 29. AFBA also filed a reply to the opposition, ECF 33. This Court has considered all of the filings and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, AFBA's motion to strike the opposition will be denied, but its motions to dismiss Count II and to dismiss for lack of Title VII venue will be granted.[1]

**I.  FACTUAL BACKGROUND**

The facts below are derived from the Complaint and are taken as true for purposes of these motions. ECF 1. AFBA is an employer with its principal place of business in Alexandria, Virginia.

---

[1] While this Court does not countenance belated filings, it sees no need to strike the opposition from the record, particularly as its arguments proved unpersuasive.

1

*Id.* ¶ 5. Plaintiff, a "57-year-old African American male," began working for AFBA as a Sales Vice President in 2008. *Id.* ¶¶ 4, 9. His immediate supervisor during his tenure was Michael Kimo Wong. *Id.* ¶ 10.

Plaintiff alleges that despite exemplary performance, he was "subjected to ongoing discrimination based on his race and age." *Id.* ¶ 11. The facts he cites as support, however, all differentiate the treatment he received from that afforded his "white colleagues" without mentioning their relative ages. *Id.* ¶¶ 11a–d, 12. He also cites various other instances of "unprofessional and discriminatory behavior," none of which make reference to Plaintiff's age. *Id.* ¶¶ 13–14. On September 20, 2022, AFBA terminated Plaintiff's employment. *Id.* ¶¶ 16–17.

## II.     MOTION TO DISMISS COUNT TWO

### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the

claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' ….") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if … [the] actual proof of those facts is improbable and … recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the

pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937, (2012).

### b. Analysis

While Count Two of Plaintiff's Complaint alleges age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), his Complaint is bereft of facts suggesting age-based harassment or discrimination. Other than his reference to his own age, Plaintiff makes no allegations in his Complaint about the age of any other individual, cites no age-based comments suggesting discriminatory intent, and does not assert that any younger persons received more favorable treatment. In his opposition, Plaintiff makes conclusory statements about discriminatory age-based treatment, still without supporting those assertions with any facts. But even if he had alleged new facts in his opposition, this Court would be unable to consider them in this posture. Plaintiffs cannot amend their complaint through motions briefing. *See Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998) (explaining that plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint").

The Complaint does not set forth a plausible age discrimination claim and Count Two must be dismissed.

### III. MOTION TO DISMISS OR TO TRANSFER VENUE

#### a.   Legal Standard

Where a defendant seeks dismissal for improper venue pursuant to Rule 12(b)(3), the plaintiff bears the burden to make a *prima facie* showing that venue is proper in the district in which the case was filed. *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004); *Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 679–80 (D. Md. 2010). In assessing the plaintiff's showing, the court may consider evidence outside the pleadings and must view the facts in the light most favorable to the plaintiff. *See Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365–66 (4th Cir. 2012). More specifically, the Court must accept the facts alleged in the Complaint as true unless the defendant submits evidence by affidavit to the contrary, and where there is discrepant information submitted in parties' affidavits, must give greater weight to the evidence submitted by the plaintiff. *See Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988), *overruled on other grounds by Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Ga.*, 620 S.E. 2d 352 (Ga. 2005).

Here, because only Plaintiff's Title VII claims remain viable, the Court looks to Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3), which provides for venue "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." *See also Harding v. Williams Prop. Co.*, 163 F.3d 598 (table), 1998 WL 637414 at *2 n.5 (4th Cir. 1998) (noting that Title VII's venue provisions "override" those in 28 U.S.C. § 1391).:

If venue is lacking, 28 U.S.C. § 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

**b.  Analysis**

As Plaintiff alleges in his Complaint, AFBA is headquartered in Alexandria, Virginia. Nothing in the Complaint suggests that any of the actions Plaintiff describes took place in any other jurisdiction. While he asserts in his opposition that he worked regularly from his home office in Maryland, ECF 27 at 4–5, those allegations are entirely absent from the Complaint, and he offers no affidavit or other evidence to support his assertions. By contrast, AFBA submitted with its venue motion an affidavit from Plaintiff's former supervisor, Wong, attesting that all of the events described in Plaintiff's Complaint occurred in the Alexandria office and that all employees were required to work from the Alexandria office multiple days per week. *See* ECF 16. In light of that uncontroverted evidence and the lack of any contrary allegations in the Complaint, Plaintiff has not made the required *prima facie* showing that venue is proper in Maryland and his claims must be dismissed for lack of venue.[2]

**II.   CONCLUSION**

For the reasons set forth above, AFBA's two motions to dismiss, ECF 9 and ECF 17, will be granted and Plaintiff's claims will be dismissed without prejudice. AFBA's motion to strike Plaintiff's opposition, ECF 29, will be denied. A separate Order follows.

Dated: May 2, 2025                                    /s/
                                                        Stephanie A. Gallagher
                                                        United States District Judge

---

[2] This Court declines to transfer venue in lieu of dismissal given Plaintiff's apparent opposition to that outcome. Of course, as the case is being dismissed without prejudice, Plaintiff is free to refile his claims in the Eastern District of Virginia.